UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANN ROBINSON,

       Plaintiff,                  CIVIL ACTION NO. 09-13584

v.                              DISTRICT JUDGE JULIAN ABELE COOK
                                  MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on May 10, 2006,[1] alleging that she had become disabled and unable to work since April 26, 2006, at age 46, due to severe back pain resulting from an automobile accident. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on September 11, 2008, before Administrative Law Judge (ALJ) Paul R. Armstrong. The ALJ subsequently found that the claimant was not entitled to disability benefits because she

---

[1] Plaintiff filed a prior application for DIB benefits in June 2004, alleging the same disability as the present application, which was denied by the SSA and not pursued further. Consequently, res judicata applies to the determination of Plaintiff's condition through the date of the unchallenged administrative decision (April 25, 2006). Bagby v. Harris, 650 F.2d 836 (6th Cir. 1981), cert. denied 454 U.S. 1087 (1981). In her present application for DIB benefits, Plaintiff changed her onset date to April 26, 2006, to reflect the adverse decision of the previous adjudication.

retained the ability to return to her past light work as a foster care group home manager. Alternatively, the ALJ found that the claimant could perform a significant number of light jobs that provided a sit-stand option, and did not require climbing ladders, ropes or scaffolding. The Law Judge restricted claimant from work that would expose her to moving machinery, open flames or unprotected heights. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 49 years old at the time of the second administrative hearing. She had graduated from high school, and had been employed during the relevant past as a manager of a foster care group home (TR 38-39). Claimant initially stopped working in 2004, after injuring her back in an automobile accident. Pain medications and physical therapy have allegedly failed to relieve the back pain (TR 23-24). Plaintiff estimated that she could stand for about 20 minutes. Claimant asserted that she needed a cane to walk in order to prevent her from falling (TR 52, 372). She allegedly had to lie down for several hours each day because pain medication made her drowsy (TR 55). Despite the back pain, the claimant was able to earn over six thousand dollars in 2007 cutting and styling people's hair from her home on a part-time basis (TR 46-47). Plaintiff was forced to close her small business the following year because severe back pain and chronic fatigue prevented her from regularly cutting hair (TR 47, 51).

A Vocational Expert, Thomas Gusloff, classified Plaintiff's past work as light, skilled activity (TR 68). The witness testified that there would be no jobs that claimant could

2

perform if her testimony were found to be fully credible[2] (TR 69). If the claimant were capable of light work, the witness testified that Plaintiff could return to her past work as a foster care manager (TR 69). Alternatively, there were a significant number of other light jobs, such as retail checker, electrical products inspector and bakery worker, that claimant could perform with minimal vocational adjustment (TR 69-70).

ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of degenerative disc disease and the residual effect from a closed-head injury, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that the claimant's back pain and the residual effects of her head injuries prevented her from working at jobs involving prolonged sitting and standing, or the lifting or more than 10 pounds on a regular basis. The Law Judge further restricted claimant from jobs involving work that would expose her to ladder climbing, moving machinery, open flames or unprotected heights. Since Plaintiff's past job as a foster care group home manager was not precluded by these limitations, the ALJ found that she remained able to perform her past relevant work. The Law Judge also found that the claimant remained capable of performing a significant number of light jobs, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining

---

[2]The witness explained that Plaintiff's alleged inability to concentrate and need to lie down several times a day to relieve her back pain would preclude all work activity (TR 69).

3

whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she retained the residual functional capacity to do her past relevant work or other light work activity. She claims that the ALJ erred in weighing the evidence, and that he gave insufficient weight to the opinion of her chiropractor. Defendant counters that the ALJ did not unreasonably reject claimant's credibility, and that the Plaintiff failed to corroborate her disability claim with objective clinical evidence demonstrating her inability to perform light work for a continuous period of twelve months.

4

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work, including her past work as a foster care group care manager. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling back pain and residual injuries stemming from an automobile accident.

A review of the administrative record reveals relatively little medical evidence concerning Plaintiff's allegedly disabling problems with hearing loss, poor vision or loss of memory. Her allegations of severe headaches, hand tremors, weakness and numbness were similarly not corroborated by the medical record. While the claimant has been regularly treated for chronic back pain since the automobile accident in 2004, she has enjoyed good results from physical therapy and a drug regimen. Plaintiff does not suffer from any neurological deficiencies, and she has full motor strength in the upper extremities (TR 249-50). Moreover, the record does not document any deterioration in the claimant's condition since the time of her alleged onset date. No doctor recommended that she permanently stop working at that time[3]. In fact, Plaintiff returned to work in 2007. She was able open a small hair cutting and styling business in her home, earning over six thousand dollars (TR 47, 51).

---

[3]While claimant's chiropractor concluded in January 2007, that she could not work at any job (TR 380), the ALJ was not required to give the opinion special deference. According to the Social Security regulations, chiropractors are not an acceptable medical source, and thus cannot render medical opinions. See 20 C.F.R. 404.1527(a)(2) (2010).

When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant (TR 222-229) and the testimony from a medical advisor (TR 62-65). Both concluded that the claimant's functional abilities had not changed significantly since she had been previously denied disability benefits in April 2006. In light of all the evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from her back pain were not fully credible.

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that she suffered fatigue or drowsiness, or that she needed to recline frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by limited her to jobs that did not involve prolonged sitting and standing, or the lifting or more than 10 pounds on a regular basis. The Law Judge further restricted claimant from jobs involving work that would expose her ladder climbing, moving machinery, open flames or unprotected heights.

Once it is determined that an applicant can perform past relevant work, she is deemed not disabled and there is no need for the testimony of a vocational expert. Orick v. Sullivan, 966 F.2d 368, 372 (8th Cir. 1992). The Sixth Circuit has ruled that a claimant can be denied benefits if she remains capable of returning to her former type of work, even if she cannot return to the actual job held in the past. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The ALJ found that the claimant retained the residual capacity for a restricted range of light work[4]. Since Plaintiff's past work as a group foster care

---

[4]Contrary to Plaintiff's assertion, the Law Judge properly complied with the Sixth Circuit ruling in Drummond v. Commissioner, 126 F.3d 837 (6th Cir. 1997). The Drummond

manager was consistent with that level of exertion, substantial evidence existed on the record that she was not disabled within the meaning of the Social Security Act.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

---

court held that "when the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by his determination absent changed circumstances." Id. at 842. In the instant case, ALJ Armstrong expressly stated that he was not bound by the findings of the previous ALJ decision (who found an RFC of sedentary work) since there was new and additional evidence of changed circumstances that provided a basis for a different finding. ALJ Armstrong stated that claimant's work activity in 2007, when she made $6465.00 in self-employment earnings from her hair cutting business, constituted new evidence and changed circumstances allowing him to reach a different residual functional capacity evaluation (TR 38).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: June 28, 2010

_____

### CERTIFICATE OF SERVICE

I hereby certify on June 28, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 28, 2010: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217