UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANN ROBINSON,

        Plaintiff,

v.

                                                  Case No. 09-13584

COMMISSIONER OF                       Honorable Julian Abele Cook, Jr.
SOCIAL SECURITY

        Defendant.

## ORDER

This case involves a complaint by the Plaintiff, Joann Robinson, who, in relying upon the authority of 42 U.S.C. § 402(g), has asked this Court to review a final decision by the Defendant, the Commissioner of the Social Security Administration ("Commissioner"). The parties thereafter filed motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure,[1] both of which were forwarded by the Court to Magistrate Judge Donald A. Scheer for his evaluation. In a report on June 28, 2010, he recommended that this Court reject Robinson's request for the entry of a summary judgment because, in his opinion, her claim was not supported by substantial evidence. As of this date, neither party has expressed any objections to the magistrate

---

[1] Fed. R. Civ. P. 56(c) states, in pertinent part, that "(t)he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law."

1

judge's report and recommendation. For the reasons that have been set forth below, this Court adopts the report, including the recommendations of Magistrate Judge Scheer, in its entirety.

I.

Robinson is a woman in her early fifties, who possesses three years of a college education, along with a employment history of work experiences as a home attendant/private home care provider, manager of a foster care group home, cashier, and rural mail carrier. In 2007, she earned $6,465.00 in self-employment income through her operation of a hair-cutting and styling business in her home.

In March of 2004, Robinson received injuries in an automobile accident, for which she was treated at a local hospital for neck and lower back pain. In June 2004, she filed an application for disability insurance benefits which was denied initially and upon reconsideration. Thereafter, Robinson sought and received a *de novo* hearing before an administrative law judge, who, on April 25, 2006, denied her claim. It was the conclusion of this administrative law judge that Robinson, although incapable of performing past relevant work, was able to perform other types of work within the national economy. During the following month, she filed the instant claim in May of 2006, citing to a disability which began on March 10, 2004. However, her claim was denied on October 10, 2006 - an administrative decision that was upheld upon reconsideration. Once again, she sought and obtained a *de novo* hearing before an administrative law judge. However, in making this new application for relief, Robinson amended the onset date of her disability to April 26, 2006 - one day after the issuance of the first adverse decision.

In a decision which bore the date of December 29, 2008, the administrative law judge determined that Robinson was not disabled within the meaning of the Social Security Act from the

amended onset date through the date of decision. In reaching this conclusion, the administrative law judge concluded that, even though Robinson possessed severe impairments (i.e., degenerative disc disease and residuals of a closed-head injury) as a result of the accident in March 2004, she retained the residual functional capacity to perform light work, with some limitations. Noting that Robinson's former employment history, which included work as a group home manager, fit within these limitations, it was the belief of the administrative law judge that she could perform her past relevant work and thus was not a disabled person within the meaning of the Social Security Act. In the alternative, the administrative law judge determined that, even if Robinson could not perform her past relevant work, she could execute a significant number of other jobs that were available in the national economy. As a result, she was declared not to be a disabled person. This decision became the final decision of the Commissioner on July 9, 2009 when the Appeals Council denied her request for a review. This lawsuit followed.

II.

This Court has jurisdiction to review the Commissioner's final decisions to determine if (1) the findings are supported by substantial evidence and (2) the correct legal standards were applied. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted), and is "more than a scintilla of evidence but less than a preponderance," *Brainard v. Secretary of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence, even if the evidence could also support a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). This review

is limited in scope to an examination of the record only. Thus, the court "does not review the evidence *de novo*, make credibility determinations nor weigh the evidence." *Brainard*, 889 F.2d at 681.

### III.

In her appeal, Robinson urges the Court to conclude that the decision by the administrative law judge was flawed by errors of law and deficient in substantial evidence. Initially, Robinson submits that the administrative law judge erred as a matter of law when he - relying upon an opinion of a vocational expert witness to whom an inaccurate hypothetical question had been presented - concluded that she could return to her past relevant work. *See* 20 C.F.R. § 404.1560(b)(2) ("[A] vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work . . . .").

In her appeal, Robinson submits that the hypothetical question to the vocational expert "does not accurately describe [her] in all significant, relevant respects." (Pl.'s Mot. Summ. J. 8). Although not entirely clear from the pleadings, it appears that Robinson believes that the administrative law judge erred in creating the hypothetical question when he gave an insufficient amount of weight to certain evidence and at the same time assigned an unjustified amount of weight to the other evidence. However, as detailed in Magistrate Judge Scheer's report, Robinson's assertions about the conclusions of the administrative law judge regarding the credibility of Robinson's assertions, as well as the appropriate weight to be given when assessing the testimony of an expert witness, are without merit, especially in view of his conclusion that the hypothetical

4

question was supported by the substantial evidence in this record. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well-established that an [administrative law judge] may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.").

Robinson next argues that the administrative law judge erred as a matter of law when he "reversed" the first administrative law judge's determination. Under *Drummond v. Commissioner of Social Security*, 126 F.3d 837, 842 (6th Cir. 1997), "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances."[2] She submits that *Drummond* dictates that the second administrative law judge in this case must adopt the earlier decision regarding her ability to perform past relevant work. However, it should be noted that the second administrative law judge determined that (1) the physical and mental limitations in the earlier decision corresponded to a residual functional capacity for a limited range of light work rather than sedentary work. Thus, applying the appropriate grid rule, Robinson should have been found to be capable of performing past relevant work, and (2) to the extent that her current residual functional capacity differed from the former, any difference was attributable to new and material evidence, especially the evidence which addressed her cutting and hair styling work in 2007.

Nevertheless, this Court need not decide whether *Drummond* precludes a finding that an

---

[2] Acquiescence Ruling 98-4(6) states that the Social Security Administration will apply *Drummond* by requiring "new and material evidence" to displace an earlier determination of a claimant's residual functional capacity or other finding required in the sequential evaluation process. SSAR 98-4(6), 63 Fed. Reg. 29771 (June 1, 1998).

5

earlier residual functional capacity determination was based on the application of the wrong grid[3] because it is clear that, in any event, the evidence of Robinson's relevant work activity in 2007 and more current evidence from her health care providers and treatment records constitutes sufficient "new and material evidence" to justify a departure from an earlier determination. *See, e.g.*, *Brewster v. Barnhart*, 145 Fed. Appx. 542, 548-49 (6th Cir. 2005) (citing post-decision gainful employment as the type of evidence that would be new and material, thus justifying revisiting of an earlier determination); *Collier v. Comm'r of Soc. Sec.*, 108 Fed. Appx. 358, 363 (6th Cir. 2004) (medical evidence obtained after first administrative law judge's determination constituted substantial evidence supporting departure from the initial determination). The second administrative law judge was not bound by an earlier finding because his determination regarding her capability to perform past relevant work is supported by substantial evidence.

IV.

For the reasons that have been outlined above, the Court adopts the Report of Magistrate Judge Scheer. Therefore, the Commissioner's motion for summary judgment is granted, and Robinson's motion for summary judgment is denied.

IT IS SO ORDERED.

Dated: <u>November 18, 2010</u>             s/Julian Abele Cook, Jr.
      Detroit, Michigan                   JULIAN ABELE COOK, JR.
                                       United States District Court Judge

---

[3]*See, e.g.*, *Jackson v. Apfel*, 74 F. Supp. 2d 698, 700 (E.D. Mich. 1999) ("Any errors or inconsistencies in [the first administrative law judge's] decision do not lessen its binding effect. The bar of res judicata does not only apply to good decisions.").

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 18, 2010.

                                                s/ Kay Doaks
                                                Case Manager